UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


**BRYANT N. PETERSON,**

       **Plaintiff,**

v.                                                              **Case No. 6:25-cv-728-CEM-NWH**

**VOLUSIA COUNTY SHERRIFF
DEPARTMENT/VOLUSIA
BUREAU OF INVESTIGATION,
VOLUSIA COUNTY CLERK OF
THE CIRCUIT COURT, and
FLORIDA DEPARTMENT OF
HIGHWAY SAFETY AND
MOTOR VEHICLES,**

       **Defendants.**

_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Motions to Dismiss (Doc. Nos. 19, 21 & 38) to which Plaintiff filed Responses (Doc. Nos. 22, 24 & 39). The United States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 40), recommending that the Motions be granted. Plaintiff filed Objections (Doc. 42)[1] to which Defendants did not respond.

---

[1] Plaintiff also filed a Motion for Extension of Time (Doc. 41) to file his Objections. That Motion will be granted.

## I.    BACKGROUND

The full background is set forth in the R&R, and Plaintiff does not object to that recitation. Therefore, it is incorporated herein by reference. In short, a criminal Judgment (Doc. 5-1 at 5) was entered against Plaintiff in the amount of $158,114.08. (*Id.*). Plaintiff did not pay the Judgment, and as a result, his driver's license was suspended. (Doc. 5 at 3; Notice of Order of Suspension, Doc. 5-1, at 1). Plaintiff now brings five claims against the entities he believes are responsible for the Judgment and suspension. (*See generally* Doc. 5).  The Magistrate Judge described the claims as follows:

1. Defendants violated Plaintiff's due process rights under the Fifth and Fourteenth Amendments of the United States Constitution by unlawfully suspending his driver's license ("Count I") (*see* Doc. 5, ¶¶ 24-30);

2. The Sheriff's Office and Clerk of Court, "acting under the color of law, violated 42 U.S.C. [§] 1983 for harassment when Plaintiff was deprived of his driver[']s license" ("Count II") (*id.*, ¶¶ 31-36);

3. The Sheriff's Office and Clerk of Court "violated the Double Jeopardy Clause for punishing Plaintiff for the same offense after conviction and sentencing thereby breaching [the Fifth] Amendment" ("Count III") (*id.*, ¶¶ 37-42);

4. The Sheriff's Office and Clerk of Court "are participants of a scheme to defraud . . . Plaintiff of his property through false pretenses in violation of [Fla. Stat. § 817.034]" ("Count IV") (*id.*, ¶¶ 43-49); and

5. "Plaintiff moves to vacate [a] void judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) since [the

Clerk of Court] lacks jurisdiction to enforce judgment over [Plaintiff] thereby also violating" his due process rights ("Count V") (*id.*, ¶¶ 50-58).

(Doc. 40 at 3–4). Aside from arguing that Count I is brought pursuant to 42 U.S.C. § 1983—which will be addressed below—Plaintiff does not object to these descriptions. Thus, the Court will proceed on this basis.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.   ANALYSIS

### A.   General Objections

Plaintiff makes two objections that apply to multiple claims. The Court will begin with those. By way of background, the Magistrate Judge determined that several of Plaintiff's claims were subject to the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine 'is a jurisdictional rule that precludes the lower federal

courts from reviewing state court judgments.' The rule is not prudential but rather 'follows naturally from the jurisdictional boundaries that Congress has set for the federal courts. First, federal district courts are courts of original jurisdiction' which 'generally cannot hear appeals [a]nd second, only the Supreme Court can reverse or modify state court judgments.'" *Efron v. Candelario*, 110 F.4th 1229, 1235 (11th Cir. 2024) (quotations omitted).

Plaintiff argues that the *Rooker-Feldman* doctrine does not apply here because there is an exception to that doctrine when a plaintiff asserts that the underlying state court judgment is void. "Other circuits have recognized an exception to the [*Rooker-Feldman*] doctrine where the state court judgment is 'void *ab initio* due to the state court's lack of jurisdiction,' but our circuit has never adopted that exception." *Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009); *Kasbekar v. Ivy Station Cmty. Ass'n Inc.*, No. 20-10620, 2022 U.S. App. LEXIS 32683, at *7 (11th Cir. Nov. 28, 2022) ("[The Eleventh Circuit] has not recognized an exception to the *Rooker-Feldman* doctrine for underlying state judgments that are void ab initio."). Thus, Plaintiff's argument fails for two reasons. The Eleventh Circuit—which is the binding appellate circuit for this Court—has not adopted such an exception. And, even if it had, Plaintiff alleges that the underlying judgment was void for a substantive reason—i.e., because Plaintiff was determined to be indigent, (Doc. 5 at

4)—not because the state court lacked jurisdiction. Thus, this Objection will be overruled.

Plaintiff also cites Federal Rule of Civil Procedure 60(b)(4), which he believes provides an independent basis for this Court to void his state court Judgment. But "[t]he law is quite clear that Civil Rule 60(b) applies to relief from judgment of a federal court; it does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment." *Reyes v. Kutnerian (In re Reyes)*, Nos. EC-18-1229-BSL, 18-11357, 2019 Bankr. LEXIS 1267, at *12–13 (B.A.P. 9th Cir. Apr. 19, 2019) (collecting cases from across the country). Therefore, this Objection will be overruled. The Court now turns to count-specific Objections.

### B.    Counts III and V

Plaintiff objects to the application of the *Rooker-Feldman* doctrine to Counts III and V, arguing that "neither of the Defendants nor Magistrate Judge's Recommendation has shown that the court judgment have ever been valid or is currently valid." (Doc. 42 at 3–4). To be clear, Plaintiff does not dispute that the Judgment exists and was entered by the state court. He only argues that it is "void" because it is substantively wrong. This is the very basis of the *Rooker-Feldman* doctrine—this Court is not permitted to investigate the underlying proceedings to see if a state court's judgment is correct.

Alternatively, as to Count III, the Magistrate Judge explained that the administrative process of revoking Plaintiff's driver's license "is not the imposition of criminal punishment" necessary to implicate double jeopardy. (Doc. 40 at 9 (quoting *Wilson v. Fla. Dep't of Highway Safety & Motor Vehicles, Div. of Driver Licenses*, No. 8:10-cv-1885-T-17MAP, 2011 WL 2193196, at *3 (M.D. Fla. June 6, 2011) and *Smith v. Gainesville*, 93 So. 2d 105, 107 (Fla. 1957))). Plaintiff objects to this conclusion, citing *Martinez v. State*, 91 So. 3d 878, 879 (Fla. 5th DCA 2012). But the double jeopardy principle at issue in *Martinez* was that "a defendant's sentence cannot be increased after he begins serving it." *Id.* That principle was violated in *Martinez* because the criminal monetary sanction was imposed after the defendant already began serving his sentence. *Id.* Here, Plaintiff's allegations focus on the administrative action—suspension of his driver's license—that occurred as a result of him failing to pay the previously-imposed monetary sanction. Plaintiff alleges no additional criminal punishment imposed after he began serving his sentence. Therefore, Plaintiff has failed to allege that double jeopardy principles were violated. Plaintiff's Objections as to Counts III and V will be overruled.

### C.   Counts I and II

Count I purports to be brought pursuant to the Fifth and Fourteenth Amendments for a due process violation. In the Motions to Dismiss, Defendants construe this claim as being brought pursuant to § 1983 for constitutional violations.

In response to Defendant's arguments that Plaintiff has failed to state a claim under § 1983, Plaintiff protested that his claims were not brought thereunder. Now, in the face of the R&R's recommendation that Count I be dismissed because such constitutional claims must be brought pursuant to § 1983, Plaintiff has reversed his position and states that he did actually mean to bring Count I under § 1983.

The R&R is correct insofar as it states that Plaintiff's constitutional claims must be brought pursuant to § 1983. *Williams v. Bennett*, 689 F.2d 1370, 1390 (11th Cir. 1982). Thus, insofar as the claim is not brought thereunder, it is due to be dismissed. Nevertheless, if Plaintiff is attempting to bring it under § 1983, it substantially mirrors Count II, which alleges a due process claim under § 1983, and fails for the same reason.

All Defendants are being sued as municipal entities; there are no individual defendants. Municipalities cannot be "vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). A plaintiff "must ultimately prove that the [municipality] had a policy, custom, or practice that caused the deprivation." *Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). A policy includes "decisions of [the municipality's] duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403–04 (1997) (citing *Monell v.*

*Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694, (1978)). A custom includes a practice that has "not been formally approved by an appropriate decisionmaker" but that "may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404 (citing *Monell*, 436 U.S. at 690–91). Taken together, a "municipality . . . may be held liable only if [the alleged] constitutional torts result from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law." *Hill v. Cundiff*, 797 F.3d 948, 977 (11th Cir. 2015).

As the R&R explains, Plaintiff has failed to allege any such policy, custom, or practice. In his Objections, Plaintiff appears to misunderstand this requirement. He argues that the Florida law he believes was violated constitutes the requisite policy. But the "policy" referred to here for *Monell* liability is not a policy (or law) that was broken; it is a policy that breaks the law. Plaintiff has failed to allege any such policy, custom, or practice. At most, Plaintiff alleges a single incident that he argues violated Florida law. "A single incident of a constitutional violation is insufficient to prove a policy or custom." *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306,

1311 (11th Cir. 2011). This Objection will be overruled.[2] Counts I and II are due to be dismissed.

### D.    Leave to Amend

Plaintiff argues that if his Amended Complaint is dismissed, he should be granted leave to amend. Under Rule 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The district court, however, need not allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (per curiam) (quotation omitted).

It would clearly be futile to allow amendment of the claims that are barred by the *Rooker-Feldman* doctrine. As to the two due process claims—Counts I and II—that failed to state a claim, Plaintiff has not explained how he could possibly state a claim here. Instead, Plaintiff just reiterates his allegations that the underlying state court judgment is void—an issue this Court does not have jurisdiction over. Therefore, Plaintiff will not be granted leave to amend.

---

[2] Plaintiff also objects to the conclusion in the R&R that the named Defendants are not the properly named parties. While the R&R is correct, the Court need not address this issue in detail because, even assuming Defendants were the properly named parties, the Court agrees with the R&R that Plaintiff has failed to state a claim.

## E.    Supplemental Jurisdiction

The R&R recommends dismissing the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3), which provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Plaintiff's only Objection here is that he should be granted leave to amend to re-allege his federal claims. But, as discussed above, Plaintiff will not be permitted to amend. Therefore, this Objection will be overruled.

## IV.    CONCLUSION

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Magistrate Judge's recommended disposition is accepted. It is therefore **ORDERED** and **ADJUDGED** as follows:

1.  Plaintiff's Motion for Extension of Time (Doc. 41) is **GRANTED**. The Objections (Doc. 42) are accepted as timely filed.

2.  Plaintiff's Objections (Doc. 42) are **OVERRULED**.

3.  The Report and Recommendation (Doc. 40) is **ADOPTED** and made a part of this Order.

4.  The Motions to Dismiss (Doc. Nos. 19, 21 & 38) are **GRANTED in part** and **DENIED in part**.

    a.  Counts I and II are **DISMISSED without leave to amend**.

b. Counts III and IV are **DISMISSED for lack of subject matter jurisdiction**.

c. The remaining Counts are **DISMISSED** pursuant to 28 U.S.C. § 1367(c)(3).

d. The Motions are otherwise **DENIED**.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 9, 2026.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party